**SO ORDERED.**

**SIGNED this 13th day of February, 2018.**



*Catharine R Aron*

UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON SALEM DIVISION**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **DONNA KAY BROWN,** ) | |
| ) | **Case No. 17-50103** |
| **Debtor** ) | |
| _____) | |

### ORDER AND OPINION GRANTING WITHDRAWAL OF ADMISSIONS

THIS CASE came before the Court for consideration on January 24, 2018, (the "Hearing") on the Objection to Claim [Doc. #19] (the "Objection to Claim") filed by Donna Kay Brown (the "Debtor") with respect to Claim Number 1 of American Honda Finance Corporation, as well as the Debtor's Request for Admissions (the "Request for Admissions") [Doc. #20]. At the hearing, Benjamin Busch ("Mr. Busch") appeared on behalf of the Debtor, Pamela Keenan appeared on behalf of American Honda Finance Corporation ("Honda Finance"), and Kathryn Bringle appeared as Standing Trustee. Mr. Busch informed the Court that Honda Finance had not timely responded to his Request for Admissions. Honda Finance requested that its responses,

1

deemed admitted by default, be withdrawn. For the reasons stated herein, the Court finds that Honda Finance's motion to withdraw admissions should be granted. The Court will withhold ruling on the Objection to Claim until such time as the new deadline to answer the Request for Admissions has expired.

## I.    BACKGROUND

On or about January 31, 2016, the Debtor purchased a new, 2016 Honda CR-V for $27,574.84. To effectuate the purchase, the Debtor traded in a 2013 Honda Civic and was given an $8,000.00 trade in allowance. At the time of the trade, the Civic was encumbered by a lien with a balance in the amount of $19,314.00. As a result, the Debtor financed the negative equity in the Civic, $11,314.00, and paid $1,000.00 toward the purchase of the CR-V, resulting in a total amount financed of $38,499.84.

Honda Finance agreed to satisfy the indebtedness on the 2013 Honda Civic in the amount of $11,314.00 and took a first lien on the 2016 Honda CR-V. The Debtor agreed to make 72 monthly payments to Honda Finance on the $38,499.84 debt in the amount of $700.25, commencing March 17, 2016. The interest rate on the note was established at 9.19%.

One year after the vehicle purchase, on February 1, 2017, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor listed the Honda CR-V on her schedules, stating that the mileage of the vehicle was 55,000 (though she later admitted that the vehicle had at least 89,100 miles at filing) and that the current fair market value of the property was $20,675.00[1]. The Debtor also stated an intent to surrender the vehicle; this intent was further indicated on the Debtor's proposed plan [Doc. #11], which she served on parties in interest on February 6, 2017.

---

[1] The Debtor stated that she calculated this value using the 90% clean retail rate that is standard in the Middle District of North Carolina.

On February 7, 2018, Honda Finance filed a claim in the amount of $36,267.93, including $2,118.75 in arrears. The claim contained the following information:

Value of property: <u>$36,267.93 *910 Claim</u>[2]
Amount of the claim that is secured: <u>$36,267.93</u>

On May 5, 2017, after the completion of the § 341 creditor's meeting, a proposed order confirming the Chapter 13 Plan was transmitted to all creditors [Doc. #16]. The proposed order provided for the release of the 2016 Honda CR-V, explained that the automatic stay and the co-debtor stay, if applicable, would be lifted as to the property released, and stated that Honda Finance would have 120 days from the date of confirmation to liquidate its collateral and file a documented deficiency claim.  No objections to the proposed order were filed, and the Order Confirming the Plan was entered on June 9, 2017 [Doc. #18]. Honda Finance picked up the Honda CR-V in mid-July, after the stay had lifted.

The Honda CR-V was sold via auction on August 31, 2017, for $15,300.00. On or about September 6, 2017, Honda Finance sent the Debtor, c/o her bankruptcy attorney, a post-sale accounting letter, reflecting the $15,300.00 high bid for the Honda CR-V and asserting $465.00 in repossession costs, a $140.00 auction fee and $50.00 in legal fees, leaving a deficiency balance on the account in the amount of $22,003.72. Subsequently, on September 12, 2017, Honda Finance filed a deficiency claim with the Court in the amount of $22,003.72.

On September 30, 2017, Mr. Busch filed an objection to Honda Finance's deficiency claim and contemporaneously sent a Notice and Request for Admissions[3] to Honda Finance via

---

[2] A 910 claim refers to a claim secured by a motor vehicle purchased within 910 days of the bankruptcy filing date. Under 11 U.S.C. § 1325(a), a debtor must pay the balance of a 910 claim in full at the Till rate of interest in order to retain the vehicle. If a debtor elects to surrender the vehicle, the creditor may file an unsecured claim for the deficiency balance owed.
[3] In the Request for Admissions, the vehicle is identified as a "2012 Honda Accord."  The proper VIN number for the Honda CR-V does, however, appear.

certified mail. The Request for Admissions included such statements as: "You asserted that the Fair Market Value of the Property at the time of bankruptcy petition was $36,267.93 as disclosed in the proof of claim that you filed on February 7, 2017 in this case," and "You are estopped from asserting a deficiency claim in this case because Debtor relied to her detriment on the value of the vehicle you represented in your proof of claim filed on February 7, 2017."

While Honda Finance filed a thorough and detailed response to the Debtor's Objection to Claim (the "Response to Objection") [Doc. #23], it failed to timely respond to the Request for Admissions. At the Hearing, Honda Finance discovered that it had failed to timely respond to the Request for Admissions, and moved the Court to allow a withdrawal of its default admissions. Based on the unique facts present in this case, the Court has determined that it should exercise its discretion to allow Honda Finance to withdraw its default admissions and file untimely answers to the Request for Admissions.

## II.    DISCUSSION

Under Rule 36 of the Federal Rules of Civil Procedure, made applicable in this case via Rule 7036[4] of the Federal Rules of Bankruptcy Procedure, "'[a] party may serve on any other party a written request to admit . . . facts, the application of law to fact, or opinions about either' that are within the permissible scope of discovery." *Bailey v. Christian Broad. Network*, 483 F. App'x. 808, 809-10, (4th Cir. 2012) (per curiam) (quoting Fed. R. Civ. P. 36(a)(1)(A)). "'The purpose of such admissions is to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.'" *Ferrellgas, L.P. v. Best Choice Prods.*, No. 1:16CV259, 2017 U.S. Dist. LEXIS 114809, at *7 (M.D.N.C. July 24, 2017) (quoting *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x. 169, 172 (4th Cir. 2005)).

---

[4] Rule 7036 of the Federal Rules of Bankruptcy Procedure is applicable in this contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure.

If a party has been properly served with a request for admissions and does not respond within 30 days following service, matters contained within the request are deemed admitted by default and are considered conclusively established. *See Bailey*, 483 F. App'x. at 809; *Ferrellgas,* 2017 U.S. Dist. LEXIS 114809, at *7. However, the Court may, in its discretion, permit withdrawal or amendment of admissions on motion. Fed. R. Civ. P. 36(b); *Bailey*, 483 F. App'x. at 809. "A request to withdraw may be made orally or may be imputed from a party's action." 7 Moore's Federal Practice, § 36.13 (Matthew Bender 3d Ed.); *see J & J Sports Prods. v. Mumford*, No. DKC 10-2967, 2012 U.S. Dist. LEXIS 55836, at *9 (D. Md. Apr. 20, 2012) (finding that where the Defendants did not respond to a request for admissions, did not object to the request for admissions, and did not seek an extension of the time to answer the request for admissions, the Defendants' argument that it would not further the interests of justice to automatically determine all the issues in the lawsuit and enter summary judgment against them because a deadline was missed should be considered a motion to withdraw the admissions).

"'The Court has considerable discretion over the withdrawal of admissions once they have been made.'" *Austin v. Alltel Communs., Inc.*, No. 1:09CV900, 2013 U.S. Dist. LEXIS 52184, at *6 (M.D.N.C. Apr. 11, 2013) (quoting *Kress v. Food Emp'rs Labor Relations Ass'n*, 285 F. Supp. 2d 678, 681 (D. Md. 2003). Nevertheless, the Court may permit withdrawal or amendment of admissions only if the two Rule 36(b) factors weigh in favor of the withdrawal or amendment. The Rule 36(b) factors are "i) the withdrawal or amendment would promote the presentation of the merits of the action; and ii) the court is not persuaded that it would prejudice the party that has obtained the admissions" in maintaining or defending the action on the merits. *Ferrellgas* 2017 U.S. Dist. LEXIS 114809, at *7; *see* Fed. R. Civ. P. 36(a); Fed. R. Civ. P. 36(b); *Bailey*, 483 F. App'x. at 809 (concluding that a district court's failure to consider these factors in

ruling on a motion for extension of time to respond to request for admissions constituted an abuse of discretion).

1. Honda Finance has Requested its Admissions be Withdrawn

In this case, similar to *J & J Sports Prods. v. Mumford*, Honda Finance failed to respond to, object to, or seek an extension of time to answer the Request for Admissions. However, it did respond thoroughly to the Debtor's Objection to Claim and argued in open court against the admissions, given that its Response to Objection was in depth and did in fact answer all questions contained in the request. To that end, though without using the term "withdraw," Honda Finance argued that its admissions should be withdrawn.

2. Honda Finance Should be Allowed to Withdraw its Admissions

Because Honda Finance has requested that its admissions be withdrawn, the Court must consider whether withdrawal would promote the presentation of the merits of the action and whether it would prejudice the requesting party in maintaining or defending the action on the merits.

          i. *Promoting presentation of the case on the merits*

The first factor the Court must consider is whether the withdrawal would promote presentation of the case on the merits. This factor "contemplates 'facilitat[ing] the development of the case in reaching the truth.'" *Austin*, 2013 U.S. Dist. LEXIS 52184, at *6 (quoting *J & J Sports*, 2012 U.S. Dist. LEXIS 55836, at *10). In the case at hand, allowing the default admissions to stand would not facilitate a quest for the truth. Rather, as Honda Finance's Response to Objection comprehensively demonstrates, the Debtor's Request for Admissions contains frivolous assertions, the default admissions to which are contrary to facts already in the record.

For example, the Debtor contends in Request for Admission Number 4 that Honda Finance valued the Honda CR-V in the amount of $36,267.93 in its proof of claim. This contention is erroneous on its face. Honda Finance only documented the value of the vehicle as a "$36,267.93 *910 Claim." Reference to value as 910 claim is a commonly used phrase that any seasoned bankruptcy practitioner should understand; Honda Finance was merely asserting that to retain the vehicle, the Debtor would need to repay $36,267.93 with interest over the life of the plan.[5] The Court believes Mr. Busch understands what a 910 value means, and his attempt to obscure or muddle that meaning is, in the least, disappointing.

Another statement contained in the Request for Admissions is equally troubling. Request for Admission Number 6 asserts that Honda Finance is "estopped from asserting a deficiency claim in this case because Debtor relied to her detriment on the value of the vehicle [Honda Finance] represented in [its] proof of claim filed on February 7, 2017." While Honda Finance did not represent that the value of the Honda CR-V was $36,267.93, it would still be incredibly difficult to imagine that the Debtor could have ever believed a Honda CR-V with 90,000 miles was worth $36,267.93 or that she could have relied on any such valuation. The Debtor paid $27,574.84 for a new Honda CR-V. Over the next year, the Debtor drove the vehicle roughly 90,000 miles. Heavy usage tends to dramatically increase the depreciation of a vehicle; the Court is unaware of any circumstances under which the opposite has occurred. Indeed, on her petition, the Debtor asserted that the vehicle had a fair market value of $20,675.00. To thereafter assert that she in fact believed the value of the vehicle had inflated to a figure roughly $8,000.00 higher than its purchase price is clearly not credible.

From Requests for Admission Numbers 4 and 6 alone, it is evident to the Court that the Debtor's Request for Admissions was nothing more than an attempted game of "gotcha." It

---

[5] *See supra* note 2.

would not promote justice or the merits of the case to allow the default admissions to stand. As such, this factor weighs heavily in favor of withdrawal of the default admissions and the allowance of Honda Finance to file untimely answers.

### ii. *Prejudice to the requesting party*

While the Court has determined that the first 36(b) factor favors withdrawal, the Court must also find that the second 36(b) factor is satisfied in that the requesting party would not be prejudiced in maintaining or defending the action on the merits. This factor "contemplates 'the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered.'" *Austin*, 2013 U.S. Dist. LEXIS 52184, at *7 (quoting *J & J Sports,* 2012 U.S. Dist. LEXIS 55836, at *10). "'[Prejudice] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Prejudice, under Rule 36(b), rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Id. at *7-8 (quoting *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997)).

In this case, there is no "sudden need to obtain evidence," as Honda Finance's Response to Objection clearly and thoroughly laid out all the evidence asked for in the Debtor's Request for Admissions. There would also be no evidentiary surprises to the Debtor upon withdrawal, because the docket already fully incorporates substantial evidence to the contrary of the default admissions, as previously described. Further, it is unlikely that the Debtor actually relied on many of these default admissions, because the Court can find no legal or factual basis for many of them. As such, this factor also weighs in favor of withdrawal of the default admissions and the allowance of Honda Finance to file untimely answers.

### III.   CONCLUSION

Allowing Honda Finance to withdraw its default admissions and untimely file answers to the Debtor's Request for Admissions permits the Court to address this action on its merits without unfairly prejudicing the Debtor. Thus, the requirements for withdrawal of default admissions under Rule 36(b) are met in this case.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Honda Finance's motion to withdraw admissions is GRANTED.

IT IS FURTHER ORDERED that Honda Finance shall have 15 days from the entry of this Order to respond to the Request for Admissions; and

IT IS FURTHER ORDERED that the Objection to Claim shall be considered without further hearing after such time as the deadline to respond has expired.

**END OF DOCUMENT**

SERVICE LIST

Donna Kay Brown
Debtor

Benjamin Busch
Attorney for Debtor

Pamela Keenan
Attorney for American Honda

Kathryn L. Bringle
Trustee

William Miller
US Bankruptcy Administrator